## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

JEAN NANDAWULA,

    Plaintiff,

v.

CHILD PROTECTIVE SERVICES (CPS),

    Defendant.

Civil Action No.: TDC-20-3733

## MEMORANDUM ORDER

Plaintiff Jean Nandawula, who is self-represented, has filed this civil action against Montgomery County Child Protective Services ("CPS"), in which she seeks federal court review of state family law proceedings pending in the Circuit Court of Montgomery County, Maryland relating to the custody of her two children. Pending before the Court are three motions: Nandawula's Motion for an Emergency Hearing, ECF No. 7; Nandawula's Motion for Urgent Hearing with No Extension, ECF No. 9; and a Motion to Dismiss filed on behalf of CPS by the State of Maryland, ECF No. 16. The Motion to Dismiss is fully briefed, and the Court finds that no hearing is necessary. *See* D. Md. Local Rule 105.6. For the reasons set forth below, all three Motions will be DENIED.

## BACKGROUND

In her Complaint, entitled "Plaintiff's Motion to Sue CPS Plus Attachments," Nandawula states that she is bringing this case "in Federal Court to help me with my complicated case that has been dragging in Montgomery [C]ounty [C]ircuit [C]ourt," a reference to a child custody case relating to her son, *Jean Nandawula v. William Buckley*, No. 95743FL, and a child-in-need-of-

assistance petition relating to her daughter (collectively, "the state family law cases"). Compl. at 1, 4, 6, ECF No. 1. She alleges that in the state family law cases she is not being treated fairly, and that she has been denied access to her children at least in part based on false allegations about her conduct towards her children. At various points in the Complaint, Nandawula states that CPS has taken particular actions "without due process." *Id.* at 1–4, 6. Nandawula also states that "the State of Maryland and child protective services sent me a notice of action/opportunity to appeal these false charges of child neglect. . . but it is in my best interest to appeal my case in Federal court." *Id.* at 4. Accordingly, Nandawula seeks either a transfer of the state family law cases to federal court or federal appellate review of the state court's determinations in those cases. Nandawula also seeks damages as well as various injunctive relief, including the granting to her of custody of both of her children.

**DISCUSSION**

In its Motion, filed in May 2021, the State of Maryland notes that "Child Protective Services" is not a legal entity, but it acknowledges that Nandawula's Complaint is effectively filed against the State because Montgomery County Child Protective Services, which administers the State's child welfare services program, is by state law a unit of the State of Maryland. Mot. at 1 n.1, ECF No. 16-1. The State has moved to dismiss Nandawula's claims under Federal Rule of Civil Procedure 12(b)(1) on the grounds that this Court lacks subject matter jurisdiction and that Nandawula's claims are otherwise barred by the *Younger* abstention doctrine, the *Rooker-Feldman* doctrine, and the Eleventh Amendment to the United States Constitution. The State also seeks dismissal under Rule 12(b)(6) for failure to state a claim and under Rule 12(b)(7) for failure to join a necessary party.

In opposing the Motion, Nandawula argues that "[f]amilies sue Child Protective Services in Federal court all the time, in all States" and cites to a news article about a state court case in Texas. Opp'n at 2, ECF No. 18. Nandawula continues to argue that CPS has harassed her and has submitted 30 exhibits relating to the state family law cases. Since completing the briefing on the Motion, Nandawula has filed two submissions objecting to more recent actions in the ongoing state family law cases and requesting a hearing in this Court on those issues.

## I.   Subject Matter Jurisdiction

The State first argues that this case should be dismissed for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because questions of subject matter jurisdiction concern the court's power to hear the case, they must be resolved before the court can turn to the sufficiency or merits of a claim. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." (internal citation omitted)). Federal courts have original jurisdiction over civil cases, with some exceptions not relevant here, only in two instances: (1) under federal question jurisdiction, where the case involves an issue of federal law, *see* 28 U.S.C. § 1331 (2018); or (2) under diversity jurisdiction, where the parties in the case are citizens of different states and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.

Here, Nandawula does not affirmatively state how this Court has subject matter jurisdiction to hear this case. Upon review of the Complaint, the requirements for diversity jurisdiction are not satisfied. The Complaint identifies both Nandawula and CPS as citizens of Maryland. *See*

3

Compl. at 7; Civil Cover Sheet, ECF 1-1. Likewise, the Complaint does not provide a clear basis to establish federal question jurisdiction, which exists for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction ... must be determined from what necessarily appears in the plaintiff's statement of his own claim" on the face of the complaint. *See Okla. Tax Comm'n v. Graham*, 489 U.S. 838, 840–41 (1989) (internal citation omitted). In the Complaint, Nandawula does not assert any particular federal cause of action and instead seeks to transfer to federal court the state family law cases, which arise under state domestic relations laws.

The only statements in the Complaint that could arguably assert a federal cause of action are various references claiming that certain acts occurred "without due process," such as CPS's listing of Nandawula as an offender in a CPS database, the submission of a report about her ex-husband without first consulting with her, the filing of allegations that Nandawula sexually abused her children, the removal of her daughter from her custody, the assertion in a court filing that her daughter was not enrolled in a public school, and the assertion in a report that she was not home when CPS came to investigate. *See* Compl. at 1–4. In the context of the Complaint as a whole, which at no point references the United States Constitution or any federal statute, the Court finds that these generic references to due process do not constitute the assertion of a federal cause of action that would meet the requirements for federal question jurisdiction.

## II. Failure to State a Claim

Even if the generic references to due process could be construed as the assertion of a federal cause of action, any such federal claim would fail because Nandawula has failed to state a plausible due process claim in violation of the Constitution.

4

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, a self-represented plaintiff must still carry "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

Even construed liberally, Nandawula's various references in the Complaint to due process do not articulate a federal due process violation. The vast majority of the references relate to conduct, such as CPS's filing of a report or a court submission, that plainly do not implicate due process rights. Although the termination of custody rights over a child could implicate due process rights, the Complaint contains no allegations of any specific process deficiencies and provides no specific facts about the state family law cases that would support the conclusion that there was a violation of such rights. Any due process claim must therefore be dismissed. In turn, upon the dismissal of any federal claim, the Court would decline to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). Accordingly, the Motion to Dismiss will be granted.

## III.    *Younger* **Abstention**

Even if the Complaint could be construed as asserting a viable federal due process claim, the Motion would still be granted under the doctrine of abstention pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts ordinarily should abstain from acting to interfere with ongoing state court proceedings, such as by staying or enjoining the state proceedings or by displacing the state court by ruling on constitutional challenges to the state court's actions. *Id.* at 41, 43; *Moore v. Sims*, 442 U.S. 415, 423, 428 (1979). *Younger* abstention began as a doctrine that prevented federal courts from interfering with ongoing state criminal proceedings but has been expanded to include "noncriminal judicial proceedings when important state interests are involved." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); s*ee also Younger*, 401 U.S. at 46, 49. When the state proceedings (1) constitute an ongoing state judicial proceeding, (2) implicate important state interests, and (3) provide an adequate opportunity for constitutional challenges to be raised, *Younger* abstention is appropriate. *Middlesex Cnty.*, 457 U.S. at 432. *Younger* abstention is particularly warranted when "exercise of the federal judicial power would disregard the comity between the States and the National Government." *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 11 (1987).

In *Moore*, the United States Supreme Court held that a federal district court should have applied *Younger* abstention to refrain from hearing claims that ongoing state juvenile court proceedings involving custody of children violated the United States Constitution. *Moore*, 442 U.S. at 418, 435. Noting "a strong federal policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff," the Court held that *Younger* abstention should apply in such circumstances if there was an "adequate opportunity to raise the constitutional claims" in the state court proceedings. *Id.* at 423, 430.

6

Here, Nandawula's Complaint reflects that the state family law cases are ongoing in that she seeks have a federal court take over the resolution of these cases. As in *Moore*, her claims implicate important state interests as "[f]amily relations are a traditional area of state concern." *Id.* at 435. To the extent that Nandawula is asserting any federal constitutional challenges, she has identified no basis to conclude that the state courts are not adequately equipped to address those claims within the state family law cases. Indeed, Nandawula has acknowledged that she has an opportunity to appeal specific adverse determinations within the state courts but has chosen not to do so. Finally, where the Complaint requests that this Court "order the Juvenile department of Montgomery [C]ounty [C]ircuit [C]ourt to drop all the orders they are forcing me to do," Compl. at 6, abstention is necessary in light of "the importance to the States of enforcing the orders and judgments of their courts," federal interference with which "would disregard the comity between the States and the National Government." *Pennzoil*, 481 U.S. at 11, 13. Thus, even if the Court had subject matter jurisdiction and even if the Complaint stated a plausible federal constitutional claim, the Motion would still be granted because this Court would abstain pursuant to *Younger*. Accordingly, the Court need not address the State's remaining arguments for dismissal, and Nandawula's motions seeking a hearing will be denied as moot.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. The Motion to Dismiss, ECF No. 16, is GRANTED.

2. Nandawula's Motion for an Emergency Hearing, ECF No. 7, and Nandawula's Motion for Urgent Hearing with No Extension, ECF No. 9, are DENIED AS MOOT.

3. The Clerk is directed to CLOSE this case.

Date:  December 16, 2021

THEODORE D. CHUANG
United States District Judge

8